## Maguire License

*Gailey C. Keller,* for appellant.

*Robert E. Bull,* for Commonwealth.

KREISHER, P. J., August 17, 1970.—On July 1, 1968, the Commissioner of Traffic Safety acting on behalf of the Secretary of Revenue notified appellant that his operator's license was being suspended on July 11th for failure to post security in the amount of $4,825 as a result of an accident that occurred on July 28, 1967 at Jamaica, N. Y. The notice also provided that the suspension would continue "until you post security or furnish a release from the other party."

On July 15, 1968, the above-captioned appeal was filed and the court fixed August 19th for hearing thereon together with an order that the appeal operate as a supersedeas. The matter was continued from

time to time, but is now before the court for disposition.

Appellant's petition for appeal admits said accident occurred and that the car involved was titled in his name, but it is denied he was the operator of the car and it is also alleged that he "was not arrested nor was any summons issued against him by the local authorities."

The Commonwealth offered into evidence a certified copy of a letter dated December 11, 1968, from the Evaluation Section of the New York Department of Motor Vehicles addressed to the Pennsylvania Secretary of Revenue and a certified copy of the original New York order, wherein it is set forth the non-resident motor vehicle privileges of appellant were revoked for failure to comply with the requirements of the New York State Financial Security Law and the New York State Safety Responsibility Law as a result of being listed as the owner and operator of the Pennsylvania vehicle involved in said accident bearing Pa. Registration No. R52A43.

The action taken by the secretary is predicated upon section 1405 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 1405 which provides:

"Upon receipt of certification that operating privileges of a resident of this State have been suspended or revoked in any other state or the District of Columbia, pursuant to a law providing for such suspension or revocation for failure to deposit security for the payment of judgments arising out of a motor vehicle accident under circumstances which would require the secretary to suspend a nonresident's operating privilege had the accident occurred in this State, and if the law of such state or the District of Columbia contains reciprocal provisions, the secretary shall suspend the license of such resident if he was the op-

erator and all of his registrations if he was the owner of a motor vehicle involved in such accident. Such suspension shall continue until such resident furnishes evidence of his compliance with the law of such other state or the District of Columbia relating to the deposit of security."

Section 1406 of said code sets forth four exceptions to the above-mentioned requirements of security, briefly as follows:

1. To the operator or owner when no damage was caused to anyone other than the operator or owner.

2. To the operator or owner when the car was legally parked at the time of the accident.

3. To the owner, if the car was being operated without his permission.

4. Upon release or final adjudication of no liability.

Appellant has failed to bring his case within any of the foregoing exceptions; however, he relies on economic hardship and the fact that he was not the operator to sustain his appeal.

It is now firmly established that economic hardship cannot be the basis to sustain an appeal, not only now because our review on appeal has been considerably limited by appellate court decisions, but also because every suspension necessarily works an economic hardship and inconvenience to the operator.

Likewise, a cursory reading of section 1405 of the code, above quoted, clearly states the section applies not only to the operator, but also the uninsured owner of the vehicle. The section also provides the suspension shall continue until evidence of compliance is furnished.

The fact of reciprocity between New York State and Pennsylvania is not disputed.

## ORDER

And now, to wit, August 17, 1970, it is ordered and decreed that the appeal in the above-captioned matter be and the same is hereby dismissed at appellant's cost. The order of supersedeas is dissolved, and the order of the Secretary of Revenue is reinstated. Exception noted.